# In the United States District Court for the Southern District of Georgia Statesboro Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 613-006 |
| | ) | |
| PORSCHE SINTEZ PINKNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Porsche Pinkney's motion for early termination of supervised release. Dkt. No. 130. For the reasons below, her motion is **DENIED**.

## BACKGROUND

On August 21, 2013, pursuant to a written plea agreement, Defendant pleaded guilty to wire fraud conspiracy (Count I), aggravated identify theft (Count X), and wrongful disclosure of individually identifiable health information (Count XIV). Dkt. Nos. 84, 98. On January 14, 2014, the late Honorable B. Avant Edenfield sentenced Defendant to a total of sixty-five months' imprisonment followed by three years' supervised release. Dkt. No. 95. Defendant was also ordered to pay a $300 special assessment and $64,762[1] in restitution. Id.

---

[1] Of the restitution amount, $7,046 is owed jointly and severally with Defendant's co-defendants. Dkt. No. 95.

On May 26, 2017, Defendant was released from Bureau of Prisons' custody and began her term of supervised release. On June 30, 2020, after being arrested by state officials for aggravated assault upon a police officer, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon (all felonies), as well as criminal trespass (misdemeanor), Defendant appeared before the Court for a supervised release revocation proceeding. Dkt. Nos. 127, 128. Defendant pleaded guilty to violating a mandatory condition of her release and was sentenced to one day custody, with credit for time already served, followed by eighteen months' supervised release. Dkt. No. 128. The original conditions of release were reimposed, as was restitution with credit for monies paid. Id.

## DISCUSSION

Defendant has served approximately fourteen and one-half months of her eighteen-month term of supervised release. She now moves the Court for early termination of supervision. Dkt. No. 130. In her motion, Defendant contends, *inter alia*, that she has abided by all terms and conditions of her release, that she has maintained employment since December 2017, and that she wants to "move to further [her] career." Id. While Defendant has, for the most part, complied with the conditions of her supervision, she fails to mention that, in January 2021, she submitted to a urinalysis which tested positive for an illicit

substance. Additionally, during her latest period of supervision, Defendant's employment has been sporadic with two or three months of unemployment between jobs. Defendant's restitution payments have also been sporadic, and her outstanding balance--$58,577.41--is significant.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court must carefully weigh a favorable adjustment to Defendant's supervision against her offenses of conviction. After consideration, the Court **DENIES** Defendant's motion. Dkt. No. 130.

**SO ORDERED** this 13 day of September, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA